RICHARD A. HEARN (ISB No. 5574)
HEARN LAW, PLC
155 S. 2nd Avenue
P.O. Box 70
Pocatello, ID 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
E-mail: hearn@hearnlawyers.com

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW YOUNG,<br><br>    Defendant. | Case No.: 4:21-cr-00098-BLW<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37]** |

COMES NOW, the defendant, Andrew Young, by and through his counsel of record, Richard A. Hearn, HEARN LAW, PLC, and respectfully submits Defendant's Response to United States' Reply to Defendant's Objection to Government's Intent to Admit "Other Act" Evidence [Dkt. 37]. Since filing its Notice of Intent to Admit "Other Act" Evidence on December 10, 2021 [Dkt. 31], the Government has "withdraw" its *Rule 404(b)* notice related to allegations of rape and receipt of nude images of a minor made by I.J. as set forth in United States' Notice of Intent to Admit "Other Act" Evidence.[1] Counsel for the Defendant asks this

---

[1] *United States' Reply to Defendant's Objection to Government's Intent to Admit Other Act" Evidence*, p. 5 ("Further, although the Government provided notice to I.J. allegations, the Government no longer anticipates calling her at trial. Therefore, the Government only seeks to introduce evidence that the Defendant told U.B. that he shot a girl and that he bought U.B. marijuana").

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 1

Court to order the Government to refrain from alluding to these unduly prejudicial and irrelevant allegations in any way at trial.

As of this date, the Government's *Rule 404(b)* notice consists of evidence of only two alleged bad acts:

I. Evidence that on August 29, 2019, in Bingham County, Idaho, the defendant shot I.J. following a domestic disturbance. The Defendant was convicted of Weapon-Unlawful Discharge at a House, Occupied Building, or Vehicle, a felony, in Bingham County and sentenced on July 2, 2020, in case number CR06-19-3666. In speaking with the victim in this case, U.B., the Defendant informed U.B. that "he got in trouble for shooting a girl."[2]

II. Evidence that in the fall of 2020, the Defendant delivered marijuana to U.B. two houses down from her house, in a storm drain. On December 5, 2019, U.B.'s mother confronted the Defendant about speaking with her underage daughter and bringing marijuana to U.B.[3]

Counsel for Defendant objects to the remaining "other act" evidence contained in the Government's Reply to Defendant's Objection to Government's Intent to Admit "Other Act" Evidence ("*Government's Reply*"). For the convenience of the Court, Counsel for the Defendant will refer to the evidence alleging that the Defendant shot a girl quoted above in section I. as "Shooting Other Act Evidence" and in section II. as "Marijuana Other Act Evidence."

As framed in the Government's Reply, the evidence at issue in the Government's Notice of Intent to Admit "Other Act" Evidence includes both witness testimony referring to the alleged "Other Act" evidence and any exhibits related to that same evidence. The Defendant is objecting to any testimony by U.B. or others concerning the Shooting Other Act Evidence as well as any exhibit related to the Defendant's conviction in case number CR06-19-3666. Likewise, the

---

[2] Government's Reply to Defendant's Objection to Government's Intent to Admit "Other Act" Evidence ("*Government's Reply*"), pp. 1-2.
[3] Government's Reply to Defendant's Objection to Government's Intent to Admit "Other Act" Evidence ("*Government's Reply*"), pp. 1-2.

Defendant is objecting to any testimony from U.B., her mother or others concerning the Marijuana Other Act Evidence as well as any exhibit related to this allegation.

## STATEMENT OF LAW

A defendant in a criminal trial is protected from the introduction by the Government of unduly prejudicial evidence by *four* Federal Rules of Evidence: *Rule 404(b)*; *Rule 402*; *Rule 403* and *Rule 105*.

> We share petitioner's concern that unduly prejudicial evidence might be introduced under *Rule 404(b)*. *See Michelson v. United States*, 335 U.S. 469, 475-476 (1948). We think, however, that the protection against such unfair prejudice emanates not from a requirement of a preliminary finding by the trial court, but rather from **four** other sources: **first**, from the requirement of *Rule 404(b)* that the evidence be offered for a proper purpose; **second**, from the relevancy requirement of *Rule 402* -- as enforced through *Rule 104(b)*; **third**, from the assessment the trial court must make under *Rule 403* to determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice, 8 see Advisory Committee's Notes on *Fed. Rule Evid. 404(b)*, 28 U. S. C. App., p. 691; S. Rep. No. 93-1277, at 25; and **fourth**, from *Federal Rule of Evidence 105*, which provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. *See United States v. Ingraham*, 832 F.2d 229, 235 (CA1 1987).[4]

Appellate review of a court's determination as to whether evidence falls within the scope of *Rule 404(b)* is *de novo*.

> We review a district court's admission of evidence for abuse of discretion. *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011). We review *de novo* whether evidence falls within the scope of *Federal Rule of Evidence 404(b)*. *See id.* at 1131.[5]

In the Ninth Circuit, under *Rule 404(b)*, evidence of other alleged criminal or bad acts may not be admitted against a defendant if the Government cannot satisfy a four part test.

Under *Rule 404(b)*:

---

[4] *Huddleston v. United States*, 485 U.S. 681, 691-692 ; 108 S. Ct. 1496, 1502; 99 L. Ed. 2d 771, 784-785 (1988) (emphasis added).
[5] *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012).

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 3

> Evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). In applying this test, we have repeatedly emphasized that:

> "Extrinsic act evidence is not looked upon with favor." We have stated that "our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is." Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993) (*quoting United States v. Hodges*, 770 F.2d 1475, 1480 (9th Cir. 1985)).[6]

But, the Ninth Circuit has also held

> that evidence should not be considered "other crimes" or "other act" evidence within the meaning of *Rule 404(b)* if "the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (*internal quotation marks, citation, and alteration omitted*); *accord United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993). Two general categories of other act evidence may be "inextricably intertwined" with a charged crime and thus exempted from the requirements of *Rule 404(b)*. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). First, other act evidence may "constitute[ ] a part of the transaction that serves as the basis for the criminal charge." *Id.* Second, admission of other act evidence may be "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012-13.[7]

Evidence must be excluded if either it is not relevant under *Rule 401,* or its probative value is substantially outweighed by a danger of unfair prejudice under *Rule 403*.

> Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Fed. R. Evid. 401*. Relevant evidence is generally admissible, though it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. *See Fed. R. Evid. 402, 403*.[8]

---

[6] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013-1014 (9th Cir. 1995).
[7] *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012).
[8] *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012).

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 4

# ARGUMENT

A. **Neither the "Shooting Girl Other Act Evidence" nor the "Marijuana Other Act Evidence" Is "Inextricably Intertwined" with the Charged Crime.**

The Government simply asserts that both the Shooting Other Act and the Marijuana Other Act evidence fall outside the 404(b) analysis because both are "inextricably intertwined" with the evidence of the charged crime.

> The offered evidence is "a part of the transaction that serves as the basis of the criminal charge." Further, they both are part of the Defendant's criminal acts with U.B. and are necessary to show the coherent and complete story regarding the commission of the offense.[9]

Tellingly, when making this argument, the Government fails to even mention the charged crime. The Indictment charges the Defendant with violating *18 U.S.C. § 2422(b)*.

> On or between January 1, 2020 and December 17, 2020, in the District of Idaho, the defendant, ANDREW RAY YOUNG, did knowingly and intentionally use any facility of interstate and foreign commerce, to knowingly persuade, induce, entice and coerce any individual who had not attained the age of 18 years of age to engage in any sexual activity for which any person could be charged with an offense, including the criminal offense of Sexual Abuse of a Child Under the Age of 16 Years, a violation of Idaho Code § 18-1506(1), in violation of Title 18, United States Code, Section 2422(b).

Evidence that the Defendant was convicted of shooting an adult female during a domestic dispute in 2019 cannot possibly be "intertwined," much less, "inextricably intertwined" with evidence showing that the Defendant enticed a minor to send him sexually explicit photographs of herself using their cellphones. This evidence is not even relevant to the charged crime because, if true, it would have no tendency to make a fact of consequence to the charged crime more or less probable than it would be without the evidence.

The Government's argument that -- without evidence of the shooting -- the Government would not be able "to show the coherent and complete story regarding the commission of the

---

[9] *Government's Reply*, p. 6 (*citations omitted*).

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 5

offense" (violation of *18 U.S.C. § 2422(b)*) defies logic.[10] The Government can easily tell the complete story of the *charged crime* -- from its perspective -- through the testimony of the alleged victim, her mother and the forensic analysis of the Defendant's cellphone which, according to the Government, showed numerous sexually explicit pictures of the alleged victim.[11]

Evidence that the Defendant allegedly left some marijuana for the victim in a drainpipe two houses away from where the victim lived is logically unrelated to the charged crime. Its admission would serve no purpose other than to unduly prejudice the Defendant before the jury. Because leaving marijuana for the victim would not even be relevant to the charged crime, it cannot be "inextricably intertwined" with the evidence of the charged crime. Whether the Defendant did or did not leave marijuana in that drainpipe for the victim will have no tendency to make any fact of consequence to the *charged crime* of enticing a minor to send sexually explicit photographs of herself to him using their cellphones.

Furthermore, the alleged leaving of the marijuana in a drainpipe for the victim is completely extraneous to all the evidence connecting the Defendant and the alleged victim. The Government can easily tell the complete story of the charged crime -- from its perspective -- through the testimony of the alleged victim, her mother and the forensic analysis of the Defendant's cellphone which, according to the Government, showed numerous sexually explicit pictures of the alleged victim.[12]

**B.     Neither the "Shooting Other Act Evidence" nor the "Marijuana Other Act Evidence" Is Admissible under *Fed. R. of Evid. 404(b)*.**

---

[10] *Government's Reply*, p. 6 (*citations omitted*).
[11] *Government's Reply*, pp. 2-4.
[12] *Government's Reply*, pp. 2-4.

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 6

The Government argues that both the Shooting and Marijuana Other Act evidence are admissible because they "prove[] the material issue of identity of the person who coerced U.B."[13] According to the Government, the probative value of this "other act" evidence, "particularly that he shot a girl", is that it is necessary proof that the Defendant "was the individual behind the screen coercing the victim."[14] But, simply being the person behind the screen communicating with the alleged victim is not illegal. The Government also argues that "the Defendant's delivery of marijuana to the victim is also extremely probative [because] this evidence confirms the Defendant's identity, given his subsequent conversations with U.B.'s mother."[15]

To prove "identity" through the admission of other crime evidence under *Rule 404(b)*, the characteristics of the other crime or acts, *i.e.*, shooting of the girl and leaving marijuana in a drainpipe, to be admitted as other act evidence must be sufficiently distinctive to warrant an inference that the person who committed those other acts also committed the acts constituting the charged crime, *i.e.*, coercing a minor to send sexually explicit pictures to an adult.

> When the other acts evidence is introduced to prove identity, as it was here, "the characteristics of the other crime or act [must] be 'sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue.'" *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991) (*quoting United States v. Andrini*, 685 F.2d 1094, 1097 (9th Cir. 1982)). Conversely, "'if the characteristics of both the prior offense and the charged offense are not in any way distinctive, but are similar to numerous other crimes committed by persons other than the defendant, no inference of identity can arise.'" *Id.* (*quoting United States v. Powell*, 587 F.2d 443, 448 (9th Cir. 1978)).[16]

Obviously, whatever the Government claims to be trying to prove with this other act evidence, it cannot be "identity" as construed in *Rule 404(b)*.

---

[13] *Government's Reply*, p. 9
[14] *Government Reply*, p. 12.
[15] *Government Reply*, p. 12.
[16] *United States v. Luna*, 21 F.3d 874, 878-879 (9th Cir. 1994).

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 7

Furthermore, there can be no issue as to the identity of the Defendant in this case. The testimony of the victim, her mother and the forensic evidence from the Defendant's phone are more than sufficient to establish that the Defendant "was the individual behind the screen" communicating with the alleged victim.[17] The Government claims that "[i]t is expected that the Defendant will argue at trial that he was not the individual who communicated and coerced U.B."[18] To be clear, the defense has no intention of disputing that the Defendant was in communication with the alleged victim. The issue at trial will instead be the nature and substance of the communications between the Defendant and the alleged victim. In other words, did the Defendant entice or coerce the Defendant to send him sexually explicit pictures?

The only possible reason for the Government to suggest using this "other act" evidence to prove identity is to unduly prejudice the Defendant and confuse the jury.

In its brief, the Government also argues that the Marijuana Other Act

> evidence is highly relevant to establishing the Defendant's intent to coerce and entice U.B. as he was actively trying to meet with the victim. Further, it shows the Defendant's ability to carry out his sexual intentions with U.B., by not only chatting with her online, but also traveling to her location to meet her.[19]

There is simply no possible connection between the Defendant (or anyone else) leaving marijuana in a drainpipe for the alleged victim to pick up at some future time and the Defendant's alleged "intent to coerce and entice U.B. [or that] he was actively trying to meet with the victim." Instead, this evidence shows that the Defendant didn't meet with the alleged victim. Nor does this evidence remotely suggest that the Defendant even had "sexual intentions," much less that he was trying to carry them out with the victim.

**C.    Neither the "Shooting Other Act Evidence" nor the "Marijuana Other Act Evidence" Is Admissible under *Fed. R. of Evid. 401*.**

---

[17] *Government Reply*, p. 12.
[18] *Government's Reply*, p. 9.
[19] *Government's Reply*, p. 9-10.

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 8

"Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Fed. R. Evid. 401*."[20] The burden to at least show that the "other act" evidence is relevant rests entirely on the government.

> The burden of showing that such evidence meets these requirements of relevance rests with the government, *United States v. Herrera-Medina*, 609 F.2d 376, 379 (9th Cir. 1969); **the government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from other acts evidence."** *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).[21]

The Government has not articulated any hypotheses by which "a fact of consequence" to the charged crime may be inferred from the other acts evidence.

This is an action against the Defendant for allegedly enticing a minor -- the alleged victim here -- to send him sexually explicit photographs of herself using their cellphones. The Government already has and intends to use the testimony of both the alleged victim and her mother who allegedly confronted the Defendant as well as the forensic analysis of the Defendant's cellphone which, according to the Government, shows numerous sexually explicit pictures of the alleged victim in this case.[22] What fact that is of consequence in this action against the Defendant for sexually exploiting a minor will be made more or less probable by evidence that the Defendant either shot some other woman or left marijuana in a drainpipe for the alleged victim? Obviously, there is no such fact of consequence.

Assuming a fact of consequence to the underlying charge could be hypothesized, what could it be? Based on evidence that the alleged victim told investigators that the Defendant had told her that he had gotten in trouble for shooting a girl, the Government could corroborate the

---

[20] *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012).
[21] *United States v. Alfonso*, 759, F.2d 728, 739 (9th Cir. 1985) (*emphasis added*).
[22] *Government's Reply*, pp. 2-4.

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 9

alleged victim's testimony concerning her communication with the Defendant. The Government makes just this argument in its Reply. "The statement [to the alleged victim] that the Defendant shot a girl is further corroborated by his conviction."[23] But, using 404(b) evidence of the Defendant's prior conviction related to the shooting to corroborate 404(b) testimony from the alleged victim about what the Defendant allegedly told her about the shooting does not make evidence about the shooting "relevant." If the Defendant's objection to the admission of the Shooting Other Act Evidence is sustained, *neither* the testimony *nor* the extrinsic evidence about the shooting should be admitted. If the Defendant's objection to the admission of the Shooting Other Act Evidence is overruled, *both* the testimony *and* the extrinsic evidence about the shooting can be admitted. Such evidence is simply not relevant to the charged crime.

Similarly, the Government suggests that the Defendant's Facebook messages "confirms" the allegation that the Defendant left some marijuana in a drainpipe for the victim to find.[24] But, confirming one piece of 404(b) evidence with another piece of 404(b) evidence does not make either piece of 404(b) evidence relevant to the charged crime. No doubt, the "Marijuana Other Act Evidence" would be relevant if the Defendant were charged with distributing drugs because it would not be "Other Act" evidence excludable under *Rule 404(b)*. This evidence simply has no relevance to the charged crime here.

D.    **Neither the "Shooting Girl Other Act Evidence" nor the "Marijuana Other Act Evidence" Is Admissible under *Fed. R. of Evid. 403.***

In the final two pages of its brief, the Government argues that this other act evidence is not only admissible as relevant under *Rule 401*, but that it is also admissible under *Rule 403* because "its probative value is not substantially outweighed by one of the following: unfair

---

[23] *Government's Reply*, p. 7.
[24] *Government's Reply*, p. 8.

DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 10

prejudice, confusing the issues, misleading the jury, . . . ."[25] Obviously, if the Government has not yet met its burden to show that the proffered "other act" evidence meets the threshold of relevance, it can not possibly meet its burden to show that the "probative value" of its proffered evidence is not substantially outweighed by a danger of unfair prejudice.

As discussed above, the Shooting and Marijuana Other Act evidence has only minimal, if any, probative value in determining the Defendant's guilt in this case. It is clearly not necessary to prove the identity of the Defendant. But the prejudicial value of the Shooting and Marijuana Other Act evidence the Government seeks to admit could hardly be greater. If admitted, this "other act" evidence would define the Defendant to the jury as a convicted violent felon who shot a woman and supplied the alleged minor victim in this case with marijuana.

Not only would admission of this evidence be unduly prejudicial to the Defendant -- because its admission would be totally unnecessary -- but it would also likely confuse and/or mislead the jury. Was the Defendant trying to get sexually explicit pictures from the girl he shot -- as the Government initially alleged, was the girl he shot a friend of the alleged victim and, if the Defendant never met the alleged victim, how could he be supplying her with illegal drugs? Because, if admitted, this "other act" evidence would be so prejudicial and confusing, counsel for the Defendant would be forced to try to address these questions rather than simply responding to the evidence relevant to the charged crime.

If the Defendant told the victim that he had shot a girl and that he had left some marijuana for her in a drainpipe, those communications would not make it any more likely that the Defendant enticed or coerced her to send sexually explicit photographs of herself to him using their cellphones. But such evidence would unduly prejudice the Defendant in the eyes of

---

[25] *Government's Reply*, p. 11 (*quoting* FRE 403)
DEFENDANT'S RESPONSE TO UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S INTENT TO ADMIT "OTHER ACT" EVIDENCE [Dkt. 37] – Page 11

the jury by showing the Defendant is the kind of man who would shoot a woman and leave the alleged victim marijuana.

## CONCLUSION

For the reasons stated above, the Defendant respectfully asks this Court to sustain the Defendant's objection to the Government's Notice of Intent to Admit "Other Act" Evidence.

DATED this 25th day of January, 2022.

/s/ Richard A. Hearn
RICHARD A. HEARN
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of January, 2022 I served the foregoing electronically via email at the address(es) listed below:

John Christopher Shirts
john.shirts@usdoj.gov

/s/ Richard A. Hearn
RICHARD A. HEARN
Counsel for Defendant