RICHARD A. HEARN (ISB No. 5574)
JOHN B. INGELSTROM (ISB No. 2659)
HEARN LAW, PLC
151 N. 3rd Ave., Ste. 100
P.O. Box 70
Pocatello, ID 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
E-mail: hearn@hearnlawyers.com
             jbi@hearnlawyers.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW YOUNG,<br><br>        Defendant. | Case No.: 4:21-cr-00098-BLW<br><br>**SENTENCING MEMORANDUM FOR ANDREW YOUNG** |

      This Sentencing Memorandum is submitted to the Court with an approximately 20-minute video which includes short statements made by Mr. Young, his ex-wife, Roseo Magana, his close friends John and Sammy Roberts and Chad Cole, and Dr. D.J. Williams. The video is intended to show Mr. Young – not based on his conduct related to his conviction – but as a human being who fell short of his expectations for himself. The video will be provided to the Government before the sentencing but played for the Court during the sentencing hearing.

      In addition to the Sentencing Memorandum, counsel for Mr. Young has filed a separate Motion for Downward Departure and/or Variance and a separate Memorandum in Support of Objection. The Motion for Downward Departure and/or Variance and Memorandum in Support of Objection are hereby incorporated into the Sentencing Memorandum.

Sentencing Memorandum for Andrew Young – Page 1

No one – including Mr. Young – is seeking to minimize either the seriousness of the charges or the harm Mr. Young caused the victim and her family. Nor is Mr. Young seeking to evade responsibility for his actions by blaming others. Instead, Mr. Young asks the Court to consider the fact that he never actually met or photographed the victim as a *mitigating* factor when determining his sentence.

There is nothing to be achieved -- either for the victim or society in general -- by a sentence here of more than 15 years. Vengeance achieves nothing. But there is much that could be lost by imposing a sentence of more than 15 years. A longer sentence will significantly increase the chance that Mr. Young will never get the opportunity to turn his life around. A longer sentence may take away any hope he still has of rehabilitating himself with society or with God. Maybe Mr. Young still has enough hope to survive 15 years in prison, but probably not thirty years.

What would be lost by imposing a 20-to-30-year sentence for Mr. Young? There is no way to be sure, but certainly the loss of Andrew Young would be a real possibility. And that loss would certainly be much greater than any imagined gain. That gain would be "putting Mr. Young away", with a statutory minimum of 15 years, is that not already accomplished? We are respectfully asking the court to look at Mr. Young as the person, friend, and most importantly the father he is trying so hard to be before imposing a sentence.

DATED this 9th day of September, 2022.

/s/ Richard A. Hearn
RICHARD A. HEARN
Counsel for Defendant

Sentencing Memorandum for Andrew Young – Page 2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of September, 2022, I served the foregoing electronically via email at the address(es) listed below:

John Christopher Shirts
john.shirts@usdoj.gov

/s/ Richard A. Hearn
RICHARD A. HEARN
Counsel for Defendant