RICHARD A. HEARN (ISB No. 5574)
JOHN B. INGELSTROM (ISB No. 2659)
HEARN LAW, PLC
151 N. 3rd Ave., Ste. 100
P.O. Box 70
Pocatello, ID 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
E-mail: hearn@hearnlawyers.com
        jbi@hearnlawyers.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANDREW YOUNG,<br><br>　　　　　Defendant. | Case No.: 4:21-cr-00098-BLW<br><br>**MEMORANDUM IN SUPPORT OF OBJECTION TO PSI** |

　　　　COMES NOW the Defendant, by and through his counsel of record, Richard A. Hearn, Hearn Law, PLC and hereby submits to the Court our Memorandum in Support of the Defense's Objections to the Presentence Investigation Report (Dkt. 110).

### INTRODUCTION

　　　　Mr. Young timely objected to ¶¶ 27, 31, 34, 38, 41, and 45 in the PSI which mistakenly applied a four-point enhancement to Mr. Young's Offense Level because the material sent by the Defendant to the victim did **not** show sadistic or masochistic conduct as argued by the PSI writer.

MEMORANDUM IN SUPPORT OF OBJECTION TO PSI – PAGE 1

According to the PSI, the offense level for each of three counts were increased by four points based upon *U.S.C.G. § 2G2.1(b)(4)(A)*.

> **Specific Offense Characteristics:** Because the offense involved material that portrayed sadistic or masochistic conduct, the offense level was increased by four. Section 2B2.1(b)(4)(A).[1]

Because there was no picture or video exchanged between Mr. Young and the victim that even arguably showed any sadistic or masochistic conduct, the four-point enhancements under *§ 2B2.1(b)(4)(A)* to each of the three counts should be removed.

## STATEMENT OF LAW

In *United States v. Shouse*, the Court of Appeals for the Ninth Circuit held that the terms "sadistic," "masochistic," and "depictions of violence" in *United States Sentencing Guideline §§ 2G2.1(b)(4)* and *2G2.2(b)(4)* must be given their "plain meaning".

> At issue is *United States Sentencing Guideline § 2G2.1(b)(4)*, which falls under sentencing enhancements for "sexually exploiting a minor by production of sexually explicit visual or printed material." *U.S. Sentencing Guidelines Manual § 2G2.1 (2012). Section 2G2.1(b)(4)* provides a four-level sentence enhancement "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." Shouse argues that the images and videos obtained by law enforcement, "while distasteful and deviant, are not possessed of the kind of pain, coercion, abuse and denigration that implicate[] *§ 2G2.1(b)(4).*" We disagree.
>
> **Because the terms "sadistic," "masochistic," and "depictions of violence" are not defined in the guidelines, we employ their plain meaning.** *See United States v. Flores*, 729 F.3d 910, 914 (9th Cir. 2013) ("[U]nless defined, words in a statute will be interpreted as taking their ordinary, contemporary, common meaning." (internal quotation marks omitted)); *see also United States v. Maurer*, 639 F.3d 72, 77-78 (3d Cir. 2011) (relying on plain meaning to interpret "sadistic or masochistic conduct" and "depictions of violence" under *§ 2G2.2(b)(4)*). **"Sadistic" content involves "infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," or "excessive cruelty."** *Webster's Third New International Dictionary* 1997-98 (1993). **"Masochism" is "sexual gratification through the acceptance of**

---

[1] *PSI,* ¶¶ 27, 34, and 41.

MEMORANDUM IN SUPPORT OF OBJECTION TO PSI – PAGE 2

> **physical abuse or humiliation," while "violence," as applied in this narrow context, is the "exertion of any physical force so as to injure or abuse."** *Id.* at 1388, 2554.
>
> **Although we have not considered the application of these terms with respect to the production of child pornography under *§ 2G2.1(b)(4)*, we see no reason to deviate from our precedent with respect to identical language in *§ 2G2.2(b)(4)* for the receipt and possession of child pornography, both of which stem from the same chapter on "sexual exploitation of a minor."** *See, e.g., United States v. Rearden*, 349 F.3d 608, 615-16 (9th Cir. 2003) (interpreting and applying enhancement pursuant to current *§ 2G2.2(b)(4)1*). Consequently, the operative phrase in these two guidelines carries precisely the same meaning, and our key cases pertaining to *§ 2G2.2(b)(4)*—*United States v. Rearden* and *United States v. Holt*—apply with equal force to the *§ 2G2.1(b)(4)* enhancement at issue here. *See, e.g., United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004) (holding that the term "crime of violence" is identical in meaning regardless of its exact location in the guidelines).[2]

The Court of Appeals went on in *Shouse* to hold that case law in the Ninth Circuit "demands more than mere possession or production of child pornography to fall under the rubric of sadistic or masochistic content". Material that would fall under *§ 2G2.2(b)(4)* because it allegedly portrayed sadistic or masochistic conduct requires more than a finding that it portrayed child pornography. To fall under *§ 2G2.2(b)(4),* the material must portray "the taking of delight in inflicting pain or in acting cruelly or violently."

> **Our case law, however, demands more than mere possession or production of child pornography to fall under the rubric of sadistic or masochistic content; it also requires the taking of delight in inflicting pain or in acting cruelly or violently**. *See Rearden*, 349 F.3d at 615-16; *Holt*, 510 F.3d at 1011-12.[3]

Before finding that the four-point enhancement in either *2G2.1(b)(4)* or *2G2.2(b)(4)* should apply at sentencing in a case involving child pornography, a court must determine whether the images exchanged (child pornography) portrays "the taking of delight in inflicting pain or in acting cruelly or violently." If it does not, the four-point enhancement should not be applied.

---

[2] *United States v. Shouse*, 755 F.3d 1104, 1106-1107 (9th Cir. 2014) (*emphasis added*).
[3] *United States v. Shouse*, 755 F.3d 1104, 1106-1107 (9th Cir. 2014) (*emphasis added*).

MEMORANDUM IN SUPPORT OF OBJECTION TO PSI – PAGE 3

## ARGUMENT

At this time, it is unclear what images the Government might contend portray "the taking of delight in inflicting pain or in acting cruelly or violently" as required by *2G2.1(b)(4)* and *2G2.2(b)(4)*. But no such allegedly "sadistic" images were cited in the PSI. According to ¶ 14 of the PSI describing the images found on Mr. Young's phone, there "were 78 images of Jane Doe 1, 38 of which showed Jane Doe 1 of undress or engaging in sexual behavior by herself." None of these could support the enhancements associated with *2G2.1(b)(4)* and *2G2.2(b)(4)*.

In ¶ 12 of the PSI, the PSI writer describes what the victim allegedly told the police about her online relationship with Mr. Young.

> During an interview with Jane Doe 1 on December 15, 2020, Jane doe 1 stated her online conversations with the defendant were primarily sexual. Jane Doe 1 explained she and the defendant "sexted" with each other, where the defendant would tell Jane Doe 1 what he wanted to do to her sexually. He would have her touch her breasts, masturbate, and send pictures and videos of the conduct. Jane Doe 1 stated the defendant also sent her images of his penis. In addition, he threatened to end communication with her if she did not send him the images containing sexual content. He also had her act out Daddy Dom/Little Girl (DDLG) and Bondage, Discipline, Dominance, Submission, Sadomasochism (BDSM) related fantasies, including being called "pet" and "kitten" and wearing a dog collar. Jane Doe 1 stated the defendant came near her house on one occasion to give her marijuana down the street in a pipe. Jane Doe stated the defendant came near her house on one occasion to give her marijuana. Jane Doe 1 stated she was too scared to meet the defendant, so she had him put the marijuana down the street in a pipe, which she received the next day. Jane Doe 1 stated, in addition to the marijuana and pipe, the defendant also left her a dog collar and an anal plug. The defendant wished to clarify that based upon the actions and statements of Jane Doe 1, he believed Jane doe 1 was 18 years of age.

None of the allegations in ¶ 12 – even if accepted as accurate – satisfy the requirements of *2G2.1(b)(4)* and *2G2.2(b)(4)* that the materials portray "the taking of delight in inflicting pain or in acting cruelly or violently."

MEMORANDUM IN SUPPORT OF OBJECTION TO PSI – PAGE 4

The fact that the victim and Mr. Young were "sexting" cannot be construed as portraying "the taking of delight in inflicting pain or in acting cruelly or violently." Nor can the allegation that the Defendant asked the victim to send him pictures of her touching her breasts or masturbating be construed as the Defendant (or victim) "taking delight in inflicting pain". Mr. Young also allegedly sent the victim pictures of his penis. While all of this was illegal because the victim was a minor, none of it can be considered "sadistic."

The PSI writer claims that Mr. Young had the victim "act out Daddy Dom/Little Girl (DDLG) and Bondage, Discipline, Dominance, Submission, Sadomasochism (BDSM) related fantasies, including being called "pet" and "kitten" and wearing a dog collar". The PSI writer does not explain the meaning of the "Daddy Dom/Little Girl (DDLG) and Bondage, Discipline, Dominance, Submission, Sadomasochism (BDSM) related fantasies" that Mr. Young had the victim allegedly "act out" other than to specify that these fantasies included the victim "being called "pet" and "kitten" and wearing a dog collar".[4] There is nothing "sadistic" about calling someone "pet" or "kitten" or giving them a "dog collar" to wear as jewelry. This conduct is certainly not portraying "taking delight in inflicting pain". Not only is this conduct not "sadistic", it's also perfectly legal.

Finally, the PSI writer claims that Mr. Young left marijuana and an "anal plug" for the victim. Clearly there is nothing even arguably sadistic about giving the victim marijuana. As for the "anal plug", counsel for Mr. Young is not knowledgeable as to its intended use. But, there is

---

[4] The PSI does not specify who – the Government, investigators, the victim or the PSI writer – defined the Defendant's alleged "fantasies" as being "Daddy Dom/Little Girl (DDLG) and Bondage, Discipline, Dominance, Submission, Sadomasochism (BDSM)" fantasies. Mr. Young will call Dr. Williams at the sentencing hearing to testify as to the meaning of these terms and their relationship, if any, to sadistic as defined by the *Shouse* decision.

MEMORANDUM IN SUPPORT OF OBJECTION TO PSI – PAGE 5

no allegation in the PSI or evidence presented at trial that the anal plug allegedly left for the victim was sadistic or portrayed "the taking of delight in inflicting pain or in acting cruelly or violently."

Mr. Young will have Dr. Williams present at sentencing to rebut any claim by the Government that Mr. Young's relationship with the victim was "sadistic" in any sense of this word.

## CONCLUSION

For the reasons stated above, Mr. Young respectfully asks this Court to sustain his timely Objection to the four-point enhancements in the PSI for *alleged* material showing sadistic or masochistic conduct and lower the Offense Level for Mr. young appropriately.

DATED this 9th day of September, 2022.

/s/ Richard A. Hearn
RICHARD A. HEARN
Counsel for Defendant

MEMORANDUM IN SUPPORT OF OBJECTION TO PSI – PAGE 6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of September, 2022, I served the foregoing electronically via email at the address(es) listed below:

John Christopher Shirts
john.shirts@usdoj.gov

/s/ Richard A. Hearn
RICHARD A. HEARN
Counsel for Defendant