UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW RAY YOUNG,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 4:24-cv-0548-SWS<br>Criminal Case No. 4:21-cr-0098-SWS<br><br>**MEMORANDUM DECISION AND ORDER DENYING PETITION** |

## I.  INTRODUCTION

This matter is before the Court on Petitioner Andrew Ray Young's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). 24-CV-0548 ECF No. 1; 21-CR-0098-BLW, ECF 140. The Government opposes Young's Petition. (ECF No. 10.) Mr. Young has not replied to the government's response, despite the fourteen (14) day deadline imposed in this Court's previous order. (24-cv-0548; ECF No. 2).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are sufficiently presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Petition on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES Young's Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

1

## II.     BACKGROUND

In December of 2020 Mr. Young came to the attention of law enforcement when they received a report that a man, later identified as the Petitioner, engaged in sexual conversations with a minor victim over the internet. (ECF No. 110 at 4[1]). The minor's mother found messages on the victim's phone between the victim and a contact named "my local pedo." *Id*. The minor's mother confronted the Defendant on Facebook, and he admitted that he and the victim had talked and he had provided her with a pipe and "medicinal" marijuana, but he had never done anything inappropriate. *Id*. The victim's mother found the pipe in the minor's room along with other items corroborating the sexual communications between the victim and Defendant. *Id*. 4-5.

The victim confirmed with law enforcement that she met the Defendant in early 2020. *Id.* at 4-5. She told Defendant that she was fourteen and he said he was in his thirties. *Id*. at 5. The Defendant told the victim what he wanted to do with her sexually. *Id*. He had her touch her breasts, masturbate, and send images and videos of sexual acts. *Id*. Law enforcement recovered many of the photos and videos from Defendant's home during a December 16, 2020 search. *Id*. The Defendant also roll played with the victim, having her act out Daddy Dom/Little Girl and Bondage and Discipline, Dominance and Submission, and Sadomasochism fantasies. *Id*. at 4-5. He called her "pet" and "kitten" and made her wear a dog collar. *Id*. Search terms on the Defendant's phone showed that he was searching for "butt plug kitty" and "let daddy breed your daughter" at the same time he requested the victim insert an anal plug he provided for her. *Id*. Fortunately, the two never met in person.

---

[1] Unless otherwise noted references are to ECF filings in Mr. Young's underlying criminal case 21-CR-0098.

Defendant was indicted by a federal grand jury on April 14, 2021. (Indictment, ECF No. 1). A superseding indictment was filed on February 23, 2022. (Superseding Indictment, ECF No. 45). The Defendant filed a motion to dismiss the Indictment asserting that digital evidence from the victim's phone was inadvertently lost. (Mo. to Dismiss, ECF No. 42). This Court denied the motion for various reasons. (Mem. Decision and Order, ECF No. 52).

The matter proceeded to trial on June 21, 2022, at which two attorneys (Mr. Hearn and Mr. Ingelstrom) represented Mr. Young. (Notice of Appearance of Co-Counsel ECF No. 90). Based upon Federal Rule of Evidence 412, the Court excluded several of the exhibits sought to be introduced by Defendant because they related to the victim's other sexual behaviors. (Trans. ECF No. 130 at pgs. 24-27; Ex. List, ECF No. 94). The Defendant also attempted to admit expert testimony on Mr. Young's sexual role playing and fantasies, most of which was ultimately provided to the jury. (Court's Ruling, Trans. ECF No. 130 at 10-12; Testimony, ECF No. 134 at 449-88). At trial this Court did limit five of the expert's thirty-six opinions because they sought to improperly offer opinions concerning whether Defendant did or did not have the necessary mens rea. *Id*. *see also* (Memorandum Opinion Affirming Conviction ECF No. 138 at 4-5).

Ultimately, the Defendant was convicted on Count I (Coercion and Enticement of a Minor); Count II (Sexual Exploitation of a Minor) and Count III (Receipt of Child Pornography). (Verdict Form, ECF No. 99). This court sentenced Mr. Young to 360 months, a sentence at the bottom of the Guideline calculation. (Judgment, ECF No. 118).

The Defendant filed an appeal with the Ninth Circuit which raised five arguments. (Notice of Appeal, ECF No. 123). He asserted: (1) that the government violated his due process rights by losing potentially exculpatory evidence when extracting information from the victim's cellphone; (2) that the district court misapplied Federal Rule of Evidence 412(a) by excluding certain text

messages related to the victim's sexual behavior or predisposition; (3) that the court erred in excluding five opinions offered by his expert pertaining to the Defendant's intent or mental state; (4) an erroneous verdict form; and (5) that his sentence was procedurally and substantively unreasonable. On February 16, 2024, the Ninth Circuit issued its Memorandum rejecting Defendant's arguments and affirming the judgment and conviction. (Mem. Dkt. No. 41-1.2, ECF No. 138). The Ninth Circuit's Mandate was issued on March 11, 2024. (ECF No. 139).

Defendant filed the instant motion on November 12, 2024. (Mo. To Vacate, ECF No. 140; 24-CV-548 at ECF No. 1). On December 12, 2024, Plaintiff provided a handwritten supplement to his Motion to Vacate. (24-CV-548; Supp. Mo. To Vacate, ECF No. 4). The United States has responded in opposition to the Petition. (24-CV-548; ECF No. 10). As part of its response the United States has provided the declaration of Mr. Hearn, in response to the claims of ineffective assistance of counsel. (24-CV-548; Government Exhibit 1, ECF No. 10-1). Mr. Hearn explains that he discussed the Government's plea agreement, the possibilities, likelihood of success, and consequences of going to trial with the Defendant. *Id*. Defendant was provided with all discovery except for pictures involving child sexual abuse. *Id.* The defense team engaged in extensive strategic planning to advance the Defendant's arguments, including a focus group to determine the most effective defense strategy. *Id*. Mr. Hearn hired and presented the testimony of two experts, a computer forensic expert and a sociology expert. *Id*.

Subsequent to the filing of his Petition Mr. Young sought the appointment of counsel. (24-CV-548; ECF No. 8). By Order entered on April 18, 2025, this Court found appointment of counsel was not required to further the interests of justice and denied his request. (24-CV-548; ECF No. 9). According to the Federal Bureau of Prison's Inmate Tracker, Petitioner is currently in the

custody of the Federal Bureau of Prisons, housed in FCI Lewisburg, Pennsylvania. His anticipated release date is January 6, 2047.

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four circumstances in which a federal court may grant relief to a prisoner challenging the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

Relief under § 2255 may be granted "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). In resolving a § 2255 petition the "district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively* show that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). The standard to be applied in determining whether a § 2255 motion requires a hearing, "is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id*. at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). In a § 2255 motion, conclusory statements are

insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

In support of his § 2255 Petition, Mr. Young asserts two grounds or claims. (ECF No. 140 at 3-5). His first ground asserts an Eighth Amendment violation, contending that his sentence is excessive under the circumstances. *Id*. at 5. For his second ground, Mr. Young asserts his trial counsel was ineffective. *Id*. at 5. In making this assertion he claims that his attorney recommended against accepting the government's plea bargain and failed to disclose the existence of some of the Government's evidence and expert reports. Based upon the evidence and the law, Mr. Young's Petition must be denied.

1. **Excessive Sentence**

Under the Eighth Amendment "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." *Harmelin v. Michigan,* 501 U.S. 957, 1001 (1991) A sentence that is "grossly disproportionate" to the crime for which a defendant was convicted may violate the Eighth Amendment. *Harmelin,* 501 U.S. at 1001 (1991). However, "outside of the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare.... Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm,* 463 U.S. 277, 289–90, (1983) (citations omitted). The Eighth Amendment only prohibits "extreme sentences that are grossly disproportionate to the crime." *United States v. Bland,* 961 F.2d 123, 129 (9th Cir.1992).

In the appeal of his conviction Mr. Young asserted that his sentence was substantively and procedurally unreasonable—arguments which the Court of Appeals rejected. *United States v. Young*, 2024 WL 654916 at 3. Under the properly calculated advisory guidelines Mr. Young was found to be an offense level 41 with a criminal history category III, which established an advisory guideline imprisonment range of 360 months to life. (Sentencing Transcript; ECF No. 128 at 69-85). The Court analyzed the factors under 18 U.S.C. § 3553(a) and found those factors merited a sentence of 360 months, which was at the bottom of the advisory guideline calculation and below the life sentence sought by the United States. *Id.* The Court detailed the circumstances surrounding Mr. Young's conduct and while he did not have hands on conduct, he did provide the victim, a seventh grader, with controlled substances (marijuana) and a pipe to smoke it with, as well as a sex toy and doggy collar to act out his sexual fantasies on-line. *Id*. at 75. He then recorded or had recorded images of the victim sent to or taken by him. On the criminal history side Mr. Young has a significant prior history of criminal conduct. He has struggled in complying with the law and exercises poor judgment, even while on probation. *Id*. at 73-74.

Mr. Young takes issue with his sentence claiming that his "sentence is ten years longer than the base level rape or murder sentences." (ECF No. 140 at 4). Depending upon the nature of the rape or murder, that argument is obviously incorrect. Moreover, the law does not require strict proportionality between the crime and sentence—only extreme sentences that are grossly disproportionate to the crime. *Ewing v. California*, 538 U.S. 11, 23-24 (2003). Regardless, this Court's sentence was within the statutory maximum sentences available and not extreme or grossly disproportionate to the crimes committed by Mr. Young. *See Norris v. Morgan*, 622 F.3d 1276, 1287-89 (9th Cir. 2010) (applying gross disproportionality principles courts must objectively measure the severity of a defendant's sentence in light of the crimes committed). Finally, this Court

finds it difficult to square Mr. Young's argument that he received a grossly disproportionate sentence with the Court of Appeals finding that his sentence was not substantively unreasonable. *United States v. Young*, 2024 WL 654916 at 3 (February 16, 2024); (Mem. Dkt. No. 41-1.2, ECF No. 138). Regardless, Mr. Young's sentence was not grossly disproportionate considering the applicable facts and circumstances. *See United States v. Williams*, 636 F.3d 1229 1233-34 (9th Cir. 2011). Therefore, Mr. Young's first ground, asserting an Eighth Amendment violation fails.

2. **Ineffective Assistance of Counsel**

To prevail on his claim of ineffective assistance of counsel Mr. Young must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The United States Supreme Court has admonished, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal citations omitted). Deficiency does not exist where counsel fails to raise meritless legal arguments. *See Shah v. United States*, 87 F.3d 1156, 1162 (9th Cir. 1989). Thus, to show "deficiency" Mr. Young must show "gross incompetence" on the part of his attorneys. *Kimmelman v. Morrison*, 477 U.S. 365, 366–67 (1986). There is a strong presumption that legal counsel's conduct falls within the range of sound trial strategy. *Strickland*, 466 U.S. at 669.

As to the second deficiency prong, Mr. Young must also show that he was prejudiced by counsels' deficient performance. Prejudice is shown where there is a "reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("reasonable probability" is "sufficient to undermine confidence in the outcome"); *see also Wong v. Belmontes*, 130 S. Ct. 383, 390-391 (2009) (burden on petitioner)

(quoting *Strickland*, 466 U.S. at 694); *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (in addition to defective performance, petitioner "must also meet the substantial burden" of establishing prejudice). A petitioner does not establish prejudice by (1) listing the things he thinks his attorney "should have done," and then (2) speculating that, had he done them, there might have been a different outcome. Rather, the movant must state the *specific facts* that – but for counsel's deficient performance – would have likely produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted). A petitioner must show "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman*, 477 U.S. at 375.

Mr. Young alleges his lawyers were ineffective: (1) in recommending against accepting the plea agreement offered by the United States (ECF 140 at 5; ECF 144 at 1); (2) counsel failed to disclose evidence to him (ECF 140 at 5; ECF 144 at 1); and (3) counsel was ineffective in presenting his case. *Id*. The record does not support Mr. Young's assertions of ineffective assistance of counsel. Nonetheless, given the admissible evidence, there does not exist a reasonable probability the results of the proceeding would have been different had the alleged deficiencies by counsel been absent.

In response to Mr. Young's assertions of deficiency the United States attached the Declaration of his counsel, Mr. Hearn. (24-CV-548; ECF No. 10-1). In his declaration Mr. Hearn confirms that he communicated to Mr. Young the 20-year plea offered by the United States and recommended that he accept it. *Id*. Mr. Young refused on multiple occasions and was "more optimistic about his chances in front of a jury than I was." *Id*. ¶ 3. Mr. Hearn details the various evidence and trial strategy that he discussed with Mr. Young. *Id*. ¶¶'s 7-8. Mr. Hearn also notes

that all evidence was made available to the Defendant, except for the phone downloads that contained child sexual abuse material, which were required to be viewed at the Homeland Security Investigations office. *Id*. at ¶ 9. While certainly some of Mr. Hearns statements are at odds with Mr. Young's portrayal of the events, in the end they are not material and do not create a factual dispute requiring an evidentiary hearing.

Mr. Young acknowledges that he was offered a plea bargain, and he implicitly acknowledges he rejected it. (ECF No. 140 at 5). However, Mr. Young contends he didn't accept it "because my attorney recommended against it . …" *Id*. Mr. Young then goes on, using twenty-twenty hindsight, to assert:

> However, he [counsel] was ineffective in presenting my case, including my lack of contact with the victim, the fact that we met on Whisper, an adult social media app, and my lack of any pattern of predatory behavior that would justify a severe sentence.

*Id*. The law requires counsel to "both consult with the defendant and obtain consent to the recommended course of action." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). Thus, the "role of counsel" under the Sixth Amendment is to "advis[e] a client about a plea offer and an ensuing guilty plea" and to provide "legal aid and advice [to] help" a criminal defendant exercise his ultimate authority in making a decision. *Frye*, 566 U.S. at 140, 144 (2012) (quoting *Massiah v. United States*, 377 U.S. 201, 204 (1964)). *Clark v. Chappell*, 936 F.3d 944, 968 (9th Cir. 2019). In this case there is no evidence to suggest Mr. Young's counsel rendered ineffective assistance concerning plea negotiations or trial.

Mr. Young's general allegation as to Mr. Hearn's alleged bad advice is not sufficient to establish ineffective assistance of counsel.

> Although reducing the likelihood of conviction to a subjective, probabilistic estimate might have helped [Defendant] understand the consequences of electing to proceed to trial, the Court declines to conclude that counsel failed to meet an

>   objective standard of reasonable representation by not making such an estimate. "[A]ttorneys need only inform their clients of the 'possible consequences,' 'potential consequences,' or 'likely consequences' " of plea decisions. *United States v. Cazarez-Santos*, 66 F. Supp. 3d 1301, 1307 (S.D. Cal. 2014) (citing *Womack v. McDaniel*, 497 F.3d 998, 1003–04 (9th Cir. 2007), and *Gonzalez v. United States*, 33 F.3d 1047, 1048 (9th Cir. 1994)). In other words, to render effective assistance, counsel need only lay out the "likely consequences" or "possible consequences" of making a plea decision, *Brady v. United States*, 397 U.S. 742, 748 & n. 6 (1970), "not the likelihood of each consequence," *Cazarez-Santos*, 66 F. Supp. 3d at 1307. A long line of cases holding that attorneys do not render deficient performance by making a "mere inaccurate prediction" in administering advice regarding a sentence or plea illustrates this point. *Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004) (quoting *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)); *see also, e.g., McMann v. Richardson*, 397 U.S. 759, 770–71 (1970); *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990). Counsel need not don a fortune teller's shawl and peer into a crystal ball to render constitutionally effective representation.

*United States v. Suris*, 625 F.Supp.3d 1040, 1048 (C.D. Calif. 2022). Looking back, Mr. Young now claims counsel gave him bad advice. To the extent his counsel made an inaccurate prediction as to the likelihood of success at trial, it does not render their representation unreasonable or constitutionally ineffective. Even assuming such, Mr. Young's argument fails to clear the second prong by showing that but for the ineffective advice of counsel there is a reasonable probability he would have accepted any plea offer and received a sentence less than the one he ultimately received.

Mr. Young's Petition also contends that his counsel was "ineffective in presenting my case, including my lack of contact with the victim, that fact that we met on Whisper, an adult social media app, and my lack of any pattern of predatory behavior that would justify a severe sentence." (ECF No. 140 at 5). As to his "lack of contact with the victim" the Ninth Circuit Memorandum affirming this Court's sentence and conviction observed, in response to Mr. Young's assertion of error in excluding expert opinion:

>   The government presented overwhelming evidence of Young's guilt, including the discovery of 78 explicit images of the victim on Young's phone.

> The government also established that Young had delivered a dog collar and anal plug to the victim and encouraged her to send him photos of her using those items. In light of the extensive evidence against Young, the exclusion of a single expert opinion, even if improper, cannot be said to have "more likely than not affected the verdict." *Id*. (citation omitted).

(ECF No. 138 at 5). Mr. Young's "lack of contact" fails to account for the reality of the evidence and record at trial, over which this Court presided. Further contrary to his contentions regarding his lack of contact with the victim, Mr. Young also was fixated on the Whisper app and the communications he claims were deleted or destroyed between the victim and himself, which would have shown she had misrepresented her age. During the course of the trial evidence regarding the victim's phone and the data that was and was not available were discussed extensively. And, over the government's objection, this Court gave an adverse inference instruction, concerning any absence of date preserved from the victim's phone. (ECF No. 98 at 20).

Mr. Young also fails to recount his communications with the victim's mother about his contact (virtually) with the victim and her mother on their Facebook© accounts. (Trial Trans. ECF No. 133 at 332-69). Mr. Young's general objections are not supported by the specific evidence introduced at trial. Mr. Young's assertion as to a lack of "predatory behavior" also strains credulity when viewed in light of his prior conduct. (Presentence Investigation Report; ECF No. 110 at ¶¶'s 53-55; 62, 77 and 82). Mr. Young's general conclusory assertions are conclusively refuted by the record. *See Jones v. Gomez,* 66 F.3d 199, 204 (9th Cir. 1995); see also *Neighbors v. United States*, 457 F.2d 795, 795 (9th 1972).

In sum, Mr. Young fails to show his counsels' performance was deficient as required by *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Even if Mr. Young was able to show that counsels' representation fell below the objective standard of reasonableness his Petition would still fail based upon the overwhelming evidence showing there is not a reasonable probability that, but

for counsel's deficiency, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## V.  CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Mr. Young's claims of ineffective assistance of counsel lack merit. No reasonable jurist would disagree with this assessment. Therefore, should Mr. Young wish to appeal, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. CONCLUSION

For all the reasons as set forth above the Court finds no reason to vacate or alter Mr. Young's conviction or sentence.  Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the § 2255 Petition is **DENIED**.

**IT IS HEREBY ORDERED:**

1. Mr. Young's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in 24-CV-548, ECF No. 1; 21-CR-098, ECF No. 140 is **DENIED**.

2. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

3. The Court finds there is no need for an evidentiary hearing.

4. No certificate of appealability shall issue. Mr. Young is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Mr. Young files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

SO ORDERED: July 8, 2025.

Scott W. Skavdahl
United States District Judge